UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILFREDO HERNANDEZ,** | Civil Action No. 21-20701 (SDW-JSA) |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **TIMOTY ARIENE AND WARDEN MICHAEL RUSSO,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1. On or about December 23, 2021, Plaintiff, who alleges that he is a convicted and sentenced state prisoner confined in Bergen County Jail in Hackensack, New Jersey, filed a complaint in which he seeks to raise civil rights claims arising out of the mistaken production of his criminal discovery file to another inmate, which resulted in Plaintiff's life being threatened by other inmates who read the file, and the refusal by staff to do anything to protect Plaintiff. (ECF No. 1 and 1-2).[1] Plaintiff brings his claims against Timoty Ariene, the officer at Bergen County Jail who is in charge of delivering criminal discovery files to inmates, and against Warden Michael Russo of Bergen County Jail. Plaintiff also filed an application to proceed *in forma pauperis* (ECF 1-3).

2. Having reviewed Plaintiff's application and determined that leave to proceed without prepayment of fees is warranted, Plaintiff's *in forma pauperis* application is granted.

3. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court

---

[1] The factual allegations of the complaint are contained in a letter attached to the prisoner civil rights complaint. (ECF No. 1 and 1-2).

1

must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    4.   In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

    5.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff seeks to hold Officer Timoty Ariene liable for delivering Plaintiff's criminal discovery file to the wrong inmate. (ECF 1-2.) Plaintiff does not allege that Ariene intentionally provided Plaintiff's criminal discovery file to another inmate, but that he mixed up the files by mistake. (Id. at 2). Liberally construing the complaint, the Court is unable to conclude that Ariene's conduct was in violation of federal law. Therefore, the Court will dismiss this claim without prejudice to Plaintiff filing an amended complaint, if he can allege additional facts that state a claim against Ariene.

7. Plaintiff also names Warden Michael Russo as a defendant. (ECF 1). Plaintiff alleges that after other inmates read his criminal discovery file, they threatened his life. (ECF 1-2). Plaintiff reported the incident to an officer on his unit and to the law library staff, but nothing was done to protect him. (Id.) Plaintiff's wife called the jail on his behalf, but no action was taken to protect him. (Id.) Plaintiff also spoke to his public defender about the incident. (Id.) The Court construes the complaint as raising an Eighth Amendment failure to protect claim against Warden Michael Russo. The elements of a Eighth Amendment failure to protect claim under 42 U.S.C. § 1983 are that the plaintiff was "'incarcerated under conditions posing a substantial risk of serious harm[,]' and the prison official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

3

substantial risk of serious harm exists, and [s]he must also draw the inference.'" Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 838 (1994)).  For claims brought under 42 U.S.C. § 1983, a plaintiff must also allege each defendant's personal involvement in the constitutional violation.  Iqbal, 556 U.S. at 676.  Plaintiff has not alleged how Warden Russo personally learned of the threats against Plaintiff's life and knew of the seriousness of the risk of those threats. For example, Plaintiff **did not** allege than when his wife called Bergen County Jail, she spoke to Warden Russo and described the threats against Plaintiff or that Plaintiff, himself, spoke to Warden Russo.  The Court will dismiss the claim against Warden Russo without prejudice to Plaintiff filing an amended complaint that contains additional facts of Warden Russo's personal involvement in a constitutional violation.

       8.  In conclusion, Plaintiff's complaint is dismissed without prejudice.  An appropriate order follows.

Dated: January 3, 2022

                                                      Hon. Susan D. Wigenton,
                                                      United States District Judge